**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEX MATHEW, | : |
| Plaintiff, | : Civil Action No. 18-5727 (ES) (CLW) |
| v. | : OPINION |
| SPECIALIZING LOAN SERVICES SLS and TOBY WELLS, | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is Specializing Loan Services SLS and Toby Wells's[1] ("Defendant's")[2] motion to dismiss Alex Mathew's ("Plaintiff's") Complaint (D.E. No. 1-1) under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 5). On April 9, 2018, Defendant removed the Complaint on the basis of diversity jurisdiction. (D.E. No. 1 (citing 28 U.S.C. § 1332)). The Court decides the motion without oral argument. *See* D.N.J. Civ. R. 78.1(b); *see also* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's motion is GRANTED.

## I. Relevant Background

The Court will "set out facts as they appear in the Complaint . . . ." *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Plaintiff owns a single-family property in Florham Park, New Jersey. (D.E. No. 1-1 at 7 (E.C.F. pagination)). In 2006, Plaintiff "secured a home equity

---

[1] Defendant Specializing Loan Services SLS observes that "[a]side from being named in the case caption, Mr. Wells was not mentioned a single time throughout the Complaint." (D.E. No. 5-1 at 7). Therefore, to facilitate reference to the Complaint, the Court will refer only to Specializing Loan Services SLS as "Defendant."

[2] Defendant submits that it has been "erroneously identified" and that its proper name is "Specialized Loan Servicing LLC." (D.E. No. 1 at 1).

line of credit (HELOC) for [the property in] the amount of $235,000 . . . ." (*Id.*). Plaintiff "made regular and timely payments" on the HELOC, even after the ownership of the relevant Note and the servicer of the HELOC changed. (*See id.* at 8). On February 6, 2015, Defendant "started servicing" Plaintiff's HELOC. (*Id.* at 9). After that date, "several mistakes in calculation of the payment and interest took place" such that Defendant "was not honoring the terms" of its contractual obligations with respect to the HELOC. (*See id.*). More specifically, Defendant "provided mortgage statements with unsubstantiated increases in principal and interest of $133,096.75," even though previous servicers of Plaintiff's HELOC had "confirmed the . . . outstanding principal as $57,244.01." (*See id.*).[3] Therefore, Plaintiff asserts, Defendant "should have noted that as of February 6, 2015, the Principal Balance on the . . . HELOC was $57,244.01 with a credit of $-718.02 due to" Plaintiff. (*Id.* at 10).

Plaintiff rejected Defendant's explanation for its "erroneous actions" and describes the explanation as "[m]ost concerning." (*See id.* at 11). Plaintiff also rejects an assertion that he attributes to Defendant: that Defendant had Plaintiff's "permission to apply the alleged misapplied funds towards future payments" and that the parties made an agreement on that basis. (*See id.*). "The only motivation that can explain [Defendant's] behavior," Plaintiff submits, "is [its] greed in taking advantage of innocent homeowners." (*Id.*).

As a result, Plaintiff "seeks the Court's intervention and resolution and order [that Defendant] correct [its] miscalculation immediately to the correct outstanding principal of $57.244.0l and comply with the original agreement of the executed Note . . . ." (*Id.* at 12).

In the Complaint, Plaintiff had stated that Defendant "[wa]s fraudulently manipulating [his] mortgage loan." (*Id.* at 5). And Plaintiff had included a "Mortgage Servicing Fraud" section. (*Id.*

---

[3] Plaintiff also asserts, perhaps inconsistently, that Defendant "charg[ed] over two hundred thousand dollars . . . in unsubstantiated interest payment [sic] and fees . . . ." (*Id.* at 6).

at 12–14). But on May 29, 2018, Plaintiff amended the Complaint to "drop[] the claim of fraud" but "maintain[ed] its claim of breach of contract" (D.E. No. 7)—his only apparent claim (*see generally* D.E. No. 1-1).

## II.     Legal Standard:  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Pursuant to the pleading regime established by *Twombly* and *Iqbal*, the Court of Appeals for this Circuit has promulgated a three-pronged test of the sufficiency of a complaint. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court considers "the elements a plaintiff must plead to state a claim." *Id.* Second, the Court abstracts from mere legal conclusions contained in the complaint, which "are not entitled to an assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). That is, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Finally, the Court considers the complaint's remaining well-pleaded factual allegations and "determine[s] whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679). Throughout this process, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them

after construing them in the light most favorable to the nonmovant." *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016). And the Court is to construe "liberally" filings by pro se plaintiffs, such as the instant Complaint. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis: Breach of Contract

Defendant contends that Plaintiff has failed to state a claim for breach of contract. (*See* D.E. No. 5-1 at 9). Plaintiff has failed to offer any persuasive argument to the contrary. (*See generally* D.E. Nos. 6 & 9; *see also, e.g.*, D.E. No. 8 at 2 ("Plaintiff's Opposition fails to address any of the deficiencies in the Complaint, and does not oppose any of Defendants' arguments in the Motion regarding Plaintiff's failure to state a claim for breach of contract . . . .")). For the reasons discussed below, the Court concurs with Defendant.

"To establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) 'the parties entered into a valid contract,' (2) 'the defendant failed to perform his obligations under the contract,' and (3) []he 'sustained damages as a result.'" *Ensey v. Gov't Employers Ins. Co.*, 663 F. App'x 172, 176 (3d Cir. 2016) (quoting *Murphy v. Implicito*, 920 A.2d 678, 689 (N.J. App. Div. 2007)).[4] Plaintiff, however, "has failed to plead he suffered any damages as a result of the [alleged] breach." *See Saba v. Am. Family Life Assurance Co. of Columbus*, No. 16-9064, 2017 WL 3169056, at *3 (D.N.J. July 26, 2017) (rejecting a breach of contract claim when the plaintiff failed to allege he was denied a benefit or "paid a higher premium" as a result of the breach). In other words, he "fail[ed] to plead the facts necessary to support [his] claim." *See Loceria Colombiana, S.A. v. Zrike Co.*, No. 10-5329, 2011 WL 735715, at *5 (D.N.J. Feb. 22,

---

[4] "There is no dispute that New Jersey law governs the contract claim[] herein." *See Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 n.22 (3d Cir. 2013); (*see also, e.g.*, D.E. No. 5-1 at 9).

2011). Although Plaintiff asserts the "broad conclusion[]" that Defendant "charg[ed] over two hundred thousand dollars . . . in unsubstantiated interest payment [sic.] and fees" (D.E. No. 1-1 at 6), he does not allege that he paid any such interest or fees or otherwise "sustained damages as a result." *See Red Roof Franchising, LLC v. Patel*, 564 F. App'x 685, 690 (3d Cir. 2014) (rejecting a breach of contract claim when the claimant failed to allege the "value . . . lost" or "loss in revenue" as a result of the breach); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 183 (3d Cir. 2015) ("conclud[ing] that [a party] fail[ed] to plead resultant damages because he did not incur any non-speculative loss of property or pay the disputed fees or expenses").

Accordingly, Plaintiff has not plausibly alleged the elements he "must plead to state a claim." *See Santiago*, 629 F.3d at 130; *see also DeGennaro v. Am. Bankers Ins. Co. of Fla.*, No. 16-5274, 2017 WL 2693881, at *14 (D.N.J. June 22, 2017) (dismissing a breach of contract claim because the plaintiff "failed to plead damages"); *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 737 F. App'x 631, 639 (3d Cir. 2018) (affirming that dismissal). And the Court must dismiss his breach of contract claim for that reason. *See, e.g.*, *Ensey v. Gov't Employers Ins. Co.*, 663 F. App'x 172, 176 (3d Cir. 2016) (ruling that "the District Court correctly dismissed [a] breach of contract claim" when the plaintiff "fail[ed] to allege [an] element altogether").

Moreover, Plaintiff has "not identified what contract, or contractual provision, [D]efendant[] allegedly breached." *See Grande Vill. LLC v. CIBC Inc.,* No. 14-3495, 2015 WL 1004236, at *5 (D.N.J. Mar. 6, 2015). Yet the Court of Appeals has ruled that a "plaintiff['s] breach of contract claims fail[s]" when the plaintiff "fail[s] to cite to a single provision of the [contract] that has been breached." *See Fabbro v. DRX Urgent Care, LLC*, 616 F. App'x 485, 487 (3d Cir. 2015) ("A plaintiff must identify the specific contract or provision that was allegedly

breached.").[5]  As observed above, Plaintiff also does not identify any damages he suffered.  *See Motamed v. Chubb Corp.*, No. 15-7262, 2016 WL 1162853, at *4 (D.N.J. Mar. 24, 2016) (ruling that certain plaintiffs' breach of contract claim could survive dismissal even when they "d[id] not cite specific contract provisions" because "they identif[ied]" damages).  And although the Court could speculate, Plaintiff does not identify any specific way in which Defendant breached its obligations under the relevant contract.  *See Flaherty-Wiebel v. Morris, Downing & Sherred*, 384 F. App'x 173, 178 (3d Cir. 2010) (affirming the dismissal of breach of contract claim when the plaintiff "ha[d] not identified any specific ways in which the defendants breached their obligations under the contract"); *Frederico v. Home Depot*, 507 F.3d 188, 204 (3d Cir. 2007) (ruling that when "it cannot be determined [how a defendant] breached [an] agreement, it cannot be inferred that . . . damages 'flowed' from the breach").

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss:  The Compliant is DISMISSED *without prejudice*.[6]  To the extent Plaintiff can cure any deficiencies identified in the Court's Opinion, Plaintiff may do so within thirty days in an amended complaint.  But "application for dismissal . . . may be made if a timely amendment is not forthcoming within that time."  *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (per curiam)).[7]  **And a failure to amend within**

---

[5]  *But see Motamed v. Chubb Corp.*, No. 15-7262, 2016 WL 1162853, at *4 (D.N.J. Mar. 24, 2016) ("There is some variety in New Jersey caselaw as to whether a plaintiff must identify specific contract provisions to survive a motion to dismiss.").

[6]  Because the Court is dismissing the Complaint, it need not address Defendant's alternative motion for a more definite statement.  (*See* D.E. No. 51- at 12–13).

[7]  If Plaintiff "does not desire to amend, he may file an appropriate notice . . . asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."  *Id.*

**thirty days or to cure the deficiencies identified in the Court's Opinion will result in a dismissal *with prejudice*.**

An appropriate Order accompanies this Memorandum.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**